## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.  16-CV-22269-SCOLA

### U.S. MAGISTRATE JUDGE ALICIA OTAZO-REYES

**CHRISTIAN PEREIRA,**

      **Petitioner,**

**v.**

**UNITED STATES,**

      **Respondent.**

_____/

### UNITED STATES' RESPONSE TO
### PETITIONER CHRISTIAN PEREIRA's MOTION
### TO VACATE HIS CONVICTION AND  SENTENCE PURSUANT TO 28 U.S.C. § 2255

Petitioner Christian Pereira pleaded guilty to possessing a firearm in furtherance of a drug trafficking crime and a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A).  During his plea colloquy, Petitioner admitted sufficient facts to prove that he was guilty of each of the four identified predicate crimes of violence and the identified drug trafficking offense.  Petitioner has now filed a motion pursuant to 28 U.S.C. § 2255 raising a *Johnson* challenge to the two conspiracy counts to which Petitioner pleaded guilty.

Even assuming *Johnson* applies to § 924(c) offenses, *which it does not*, the United States respectfully submits that Petitioner's motion is fatally flawed because the predicate drug trafficking offense remains unarguably untouched by the holding in  *Johnson*.  Accordingly, while this Answer will address each of the issues presented by Petitioner's *pro se* motion, the United States respectfully submits that reason alone is sufficient to result in dismissal of Petitioner's motion.

1

## I.      THE FACTS OF THE OFFENSE.

According to Petitioner's detailed factual proffer, in July 2011, Petitioner and his coconspirators planned the murder of another young drug dealer that they believed had robbed them.  Petitioner and the others planned to confront the dealer with a firearm, strangle him with a rope, and then steal money and pounds of marijuana from  his house, with the intent of then selling that marijuana for profit. Law enforcement became aware of the plan and arrested Petitioner on the way to the intended victim's house with a gun, flash money, bleach, and plastic bags. Petitioner's codefendant, Perez, was arrested separately with the rope that they intended to use to strangle the victim.  See Cr. DE:155.

During the plea colloquy, Petitioner also acknowledged to the Court that:  "It was my idea to conspire a murder against Casey and the robbery."  Cr. DE:218 at *17.  Petitioner further acknowledged that in furtherance of that idea, Petitioner had asked the [Confidential Source] to "To go into the house and get my four pounds [of marijuana] back and murder Casey."  Cr. DE:218 at *17.

## II.     RELEVANT PROCEDURAL HISTORY.

After his arrest, Petitioner, Christian Pereira, was ultimately charged by way of grand jury indictment with the following offenses:

Count 1:      conspiring to affect commerce by robbery, in violation of 18 U.S.C. § 1951(a);

Count 2:      attempting to affect commerce by robbery, in violation of 18 U.S.C. § 1951(a);

Count 3:      conspiring to use, and cause to be used, any facility of interstate commerce, with intent that the murder of an individual be committed in violation of the laws of the State of Florida as consideration for the receipt of, and consideration for a promise and agreement to pay, anything of pecuniary value, in violation of 18 U.S.C. § 1958(a);

| | |
|---|---|
| Count 4: | did use, and cause another to use, any facility of interstate commerce, with intent that the murder of an individual be committed in violation of the laws of the State of Florida as consideration for the receipt of, and consideration for a promise and agreement to pay, anything of pecuniary value, in violation of 18 U.S.C. § 1958(a); |
| Count 5: | did conspiracy to possess with intent to distribute and distribute a controlled substance, in violation of 21 U.S.C. § 846 |
| Count 6: | did possess a firearm in furtherance of a crime of violence and drug trafficking crime, which is a felony prosecutable in a court of the United States, specifically the crimes of violence in Count 1, 2, 3 and 4 of the indictment and the drug trafficking offense in Count 5 of the indictment; |
| Count 8: | did knowingly and with intent to distribute possess a controlled substance in violation of 21 U.S.C. §841(a)(1); |
| Count 9: | did possess a firearm and ammunition while a convicted felon, in violation of 18 U.S.C. § 922(g)(1); |

Cr. DE:142.

On January 13, 2012, Petitioner pleaded guilty to the following offenses:  Count 1 (Hobbs Act robbery conspiracy); Count 3 (conspiracy to violate the murder for hire statute); and Count 6 (possession of a firearm in furtherance of a drug trafficking crime and crime of violence).  (See Cr:DE:154 at ¶ 1).  A signed factual proffer was entered by the parties, providing a stipulated group of facts as the basis for the guilty plea.  (Cr. DE:155).

On June 4, 2012, the Court sentenced Petitioner to a total of 144 months' imprisonment. The sentence was structured as follows:  84 months as to Count 1 and Count 3, to be served concurrently with each other, and 60 months as to Count 6, to be served consecutively with the sentences awarded under Count 1 and Count 3.  Cr. DE: 207 at *2.

Petitioner did not appeal.  Petitioner has not filed a previous motion seeking relief pursuant to 28 U.S.C. § 2255.

### III.     THE *JOHNSON* DECISION

On June 26, 2015, the Supreme Court issued its decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), holding that the "residual clause" of the Armed Career Criminal Act (ACCA) was unconstitutionally vague.  The ACCA, 18 U.S.C. § 924(e), applies an enhanced penalty to a felon possessing a firearm, if that felon's criminal record includes three prior felony convictions for a qualifying drug conviction or a qualifying violent felony.  The ACCA defines the term "violent felony" as any crime punishable by a term of imprisonment exceeding one year that:

(i)      has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii)     is burglary, arson, or extortion, involves the use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

18 U.S.C. § 924(e)(2)(B) (emphasis added).  *Johnson* held that the language in italics above was unconstitutionally vague because the residual clause left uncertainty about the degree of risk necessary for a crime to qualify as a violent felony because it required judges to apply the "serious potential risk" standard to an imagined "ordinary case."  *Johnson*, 135 S.Ct. at 2558.

The *Johnson* court limited its holding, emphasizing that the holding had no effect on the first prong of § 924(e)(2)(B)(i) (a/k/a "the elements clause") and did not call into question the enumerated crimes listed in subsection (ii).  *Id.* at 2563.  The Court was also careful to point out that, although many criminal statutes use terms like "substantial risk," the Court's holding in *Johnson* did not cast constitutional doubt on such statutes because the majority of those statutes (1) did not link a phrase such as "substantial risk" to a "confusing list of examples" and (2) applied the substantial risk standard to real-world conduct rather than an idealized "ordinary

case." *In re: Christian Diaz*, Case No. 16-12946 (11th Cir. June 20, 2016), at *4, citing *Johnson*, 135 S.Ct. at 2561.

In a subsequent decision, the Supreme Court held that *Johnson* announced a new substantive rule that applies retroactively to cases on collateral review.  *Welch v. United States*, 136 S.Ct. 1257, 1264-65, 1268 (2016).

### IV.    PETITIONER'S CLAIM HERE

Count 6 charged Petitioner with possession of a firearm in furtherance of a crime of violence and drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A).  Petitioner argues that his § 924(c) conviction was predicated upon the two conspiracy offenses set forth in Count 1 (Hobbs Act robbery conspiracy) and Count 3 (a murder for hire conspiracy).  Petitioner argues that these conspiracy offenses are no longer qualifying crimes of violence post-*Johnson*. Cv. DE:1 at *5. Accordingly, Petitioner argues this Court must vacate his sentence and conviction under Count 6 and remand the case for resentencing.  *See id.*

### V.    TITLE 18, UNITED STATES CODE, SECTION 18 U.S.C. § 924(c)(1)(A).

The conviction at issue in this proceeding is a violation of Title 18, United States Code, Section 924(c)(1)(A).  Section 924(c)(1)(A) provides for a separate consecutive sentence if any person uses or carries a firearm during and in relation to a crime of violence or drug trafficking crime, or possesses a firearm in furtherance of such crimes.  Both the predicate crime of violence and the predicate drug trafficking crime must be a federal offense for which the person may be prosecuted in a court of the United States.

For the purpose of § 924(c), a "drug trafficking crime" is defined as "any felony punishable under the Controlled Substance Act (21 U.S.C. 80 et seq.), the Controlled Substances

Import and Export Act (21 U.S.C. § 951 et seq.), or chapter 705 of title 46. 18 U.S.C. § 924(c)(2).

For the purpose of § 924(c), a "crime of violence" uses a definition that is similar, *but different*, to the "crime of violence" definition set forth in the ACCA. Specifically, a crime of violence under § 924(c) is a felony offense that:

(A) has an element the use, attempted use, or threated use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

*Id.* at § 924(c)(3). Like the ACCA, Section (A) is referred to as the "elements clause" and Section (B) is referred to as the "residual clause."

## VI.   ISSUES PRESENTED.

While only a paragraph long, Petitioner's pleading raises a number of legal issues that must be addressed by the Court if Petitioner is to receive the relief he seeks. If the Court determines that any one of the following issues go against Petitioner, his claim will be subject to dismissal.

1. Is Petitioner's § 2255 motion timely?

2. Does *Johnson*, an ACCA case, apply to a **similarly worded**, *but different*, residual clause used by a different statute, 18 U.S.C. § 924(c)?[1]

3. If *Johnson* does apply to § 924(c)(3)(B), is Petitioner procedurally barred from raising that claim for the first time in this § 2255 motion?

---

[1] Because this is a successive motion, another way of phrasing this question is does Petitioner's motion fit within the scope of 28 U.S.C. § 2255(f).

4.      If *Johnson* does apply and if Petitioner is not procedurally barred from raising this claim, does the fact that his § 924(c) offense is also predicated upon a drug trafficking crime result in summary dismissal of his claim.

5.      If *Johnson* does apply and if Petitioner is not procedurally barred from raising this claim, does his § 924(c) conviction still rest upon a valid predicate crime of violence pursuant to the unchallenged elements clause set forth in § 924(c)(3)(A).

## VII.   ARGUMENT.

Petitioner fails to prevail under any of the legal issues raised by his pleading.

### ISSUE 1:      PETITIONER'S MOTION IS NOT TIMELY AND IS THEREFORE SUBJECT TO DISMISSAL.

The AEDPA (28 U.S.C. § 2255) has a one-year statute of limitations.  More than one year has passed since Petitioner's conviction became final. *See* 28 U.S.C. 2255(f)(1).  Petitioner does not argue that §2255(f)(2) or 2255(f)(4) applies.  Instead, Petitioner argues that his motion is timely pursuant to 28 U.S.C. § 2255(f)(3), which permits the filing of a motion within one year of the date upon which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactive to cases on collateral review.  *See* Cv. DE:1 at *10 (Question 13).

Petitioner is correct that the Supreme Court has recognized that *Johnson* has set forth a new substantive rule of constitutional law and subsequently held that rule applied retroactively. *Welch v. United States*, 136 S.Ct. 1257, 1264-65, 1268 (2016).  Petitioner's motion was filed on June 17, 2016, which is within one year of the *Johnson* decision.

*The United States nevertheless asserts the time bar.*  While *Johnson* invalidated the residual clause within the ACCA, *Johnson* did not rule that a similar, *but different*, residual clause used by a different statute, 18 U.S.C. § 924(c), was unconstitutionally vague.

Accordingly, if *Johnson* does not apply to the residual clause set forth in § 924(c)(3)(B), then Petitioner cannot rely upon § 2255(f)(3) to escape application of the time bar. Instead, § 2255(f)(1) will apply and Petitioner's motion must be dismissed because his motion was filed more than one year after his conviction became final.[2]

> **ISSUE 2:  PETITIONER'S CLAIM FAILS BECAUSE *JOHNSON* DOES <u>NOT</u> APPLY TO THE RESIDUAL CLAUSE SET FORTH IN 18 U.S.C. § 924(c)(3)(B).**

In *Johnson*, the Supreme Court held that the residual clause of the ACAA was impermissibly vague and therefore unconstitutional. *See* Section III above. In this case, Petitioner has filed a second § 2255 motion that can only proceed pursuant to 2255(h) if this Court finds that *Johnson's* new and retroactive rule applies to Petitioner's case. Because the *Johnson* holding dealt with the constitutionality of the ACCA's residual clause, rather than the constitutionality of § 924(c)'s residual clause, the United States respectfully submits that *Johnson* does not apply to this case.

As described in Section V *supra*, Section § 924(c) applies certain statutory penalties for the possession of a firearm in furtherance of a "crime of violence" or "drug trafficking crime." A "crime of violence" under § 924(c) is defined by an elements clause and a residual clause. *See* Section V *supra*. Section 924(c)(3)'s residual clause is similar, but different, than the ACCA's now-problematic residual clause. Compare § 924(c)(3)(B) with § 924(e)(2)(B). For example, § 924(c)(3)(B) uses the terms "substantial risk" and "physical force" versus § 924(e)(2)(B)'s use of

---

[2] Petitioner does not assert that 28 U.S.C. § 2255(f)(2) or (f)(4) is applicable. Petitioner has not alleged that the extraordinary remedy of equitable tolling should be applied. And finally, in regard to "actual innocence," Petitioner cannot establish that he was actually innocent of the charged § 924(c)(1)(A) offense and, thus, escape the otherwise applicable time bar and procedural bar.

"serious potential risk" and "physical injury."   Section 924(c)(3)(B) also does not include the list of enumerated offenses set forth in § 924(e)'s now problematic residual clause.  *Compare id*.

The issue regarding whether *Johnson*'s holding extends to the residual clause of § 924(c)(3)(B) has not been decided in the Eleventh Circuit. While the Eleventh Circuit has allowed a successive petition in certain instances such as *In re Pinder*, No. 16-12084 (11th Cir. June 8, 2016), the Circuit Court has also made clear that the decision to permit a second petition does not decide the merits of the claim. *See in re:  Christian Diaz*, No.  16-12946-J at *5-6 (11th Cir. June 20, 2016). Instead, the Court has emphasized that the merits should first decided by a district court.  *See id.; See* Cv. DE:6 at *7-8.  Accordingly, since the issue is now before this Court, the United States respectfully submits that this Court should find that *Johnson* does not apply to the residual clause of § 924(c)(3)(B).[3]

To date, the Sixth Circuit is the only circuit court to address this issue directly in the context of a § 924(c) offense.  See *United States v. Taylor*,814 F.3d 340 (6th Cir. 2016).  In that case, the Sixth Circuit held in a well-reasoned opinion that § 924(c)(3)(B) was not constitutionally vague because the statute is substantially narrower than the statute invalidated by *Johnson*.  *See id*. at 375-379.  The Court also found that much of the analysis applied in *Johnson* does not apply to § 924(c)(3)(B). *See id*.

---

[3] While three circuit courts have held the nearly identical residual clause in 18 U.S.C. § 16(b) to be unconstitutionally vague post-*Johnson*, the Eleventh Circuit has yet to rule on such issue: *Shuti v. Lynch*, 2016 WL 3632539, *8 (6th Cir. 2016), *United States v. Vivas-Ceja*, 808 F.33d 719, 723 (7th Cir. 2015); *Dimaya v. Lynch*, 803 F.3d 1110, 1120 (9th Cir. 2015).  The same issue is pending *en banc* in the Fifth Circuit.  In each of those cases, however, the circuit courts were dealing with application of § 16b's definition in a sentencing enhancement context for a different statute, rather than the substantive § 924(c)(1)(A) violation at issue here. Even if these cases were controlling, which they are not, § 924(c)'s application of the definition is distinguishable for the reasons set forth herein.  Indeed, the Sixth Circuit, expressly distinguished its holding in *Shuti* from *Taylor*, noting the difference between the statutes because § 924(c), as opposed to § 16b applied in the INA context, "is a criminal offense and 'creation of risk' is an element of the crime."

The logic applied in *Taylor* is persuasive.  Indeed, as noted in the Southern District of New York, *Taylor* has been followed by "a substantial majority of other courts that have considered this issue in the wake of *Johnson* and upheld the constitutionality of § 924(c)(3)'s residual clause." *Vasquez v. U.S*., 2016 WL 3748504 (S.D.N.Y. July 11, 2016), citing *Taylor*, 814 F.3d 340; *United States v. Dervishaj*, 2016 WL 1019357, at *9 (E.D.N.Y. March 14, 2016); *United States v. Quashie*, 2016 WL 638052, at *5 (E.D.N.Y. Feb. 17, 2016); *United States v. Green*, 2016 WL 277982, at *4-5 (D.Md. Jan. 22, 2016); *United States v. Tsarnaev*, 2016 WL 184389, at *14 (D. Mass. Jan. 15, 2016); *United States v. Prickett*, 2015 WL 5884904, at *2-3 (W.D. Ark. Oct. 8, 2015).

*Johnson* examined and invalidated certain language in the ACCA's residual clause. Neither *Johnson*, nor *Welch*, referred to or examined the language in § 924(c)(1)(A). "The *Johnson* opinion itself stressed that its reasoning did not control other statutes that refer to predicate crimes." *Taylor*, 814 F.3d at 378.  The Supreme Court specifically noted that although many criminal statutes use the term "substantial risk," the Court's holding does <u>not</u> cast constitutional doubt on those statutes because those statutes do not:  (1) link a phrase such as "substantial risk" to a "confusing list of examples," <u>and</u> (2) the substantial risk standard is applied to real-world conduct rather than an idealized "ordinary case." *Johnson*, 135 S.Ct. at 2561; *In Re Diaz*, Case 16-12946 at *4.  Denying Petitioner's *Johnson* claim in this context is therefore consistent with the Supreme Court's intent to limit the scope of its holding.  In addition, the conclusion that *Johnson* is not applicable to 924(c)(3)'s residual clause also makes sense for the following reasons.

*First*, § 924(c)(3)(B)'s residual clause is immediately distinguishable from the ACCA's residual clause because § 924(c)(3)(B) does <u>not</u> contain the confusing list of examples that

influenced the Court's analysis in *Johnson*.   This list of enumerated offenses, with widely differing types and levels of risk (compare "burglary, arson, or extortion" with offensives "involving the use of explosives"), were a key concern to the *Johnson* court.   *See Johnson*, 135 S.Ct. at 2557 (referring to "the inclusion of burglary and extortion among the enumerated offenses" and how it affected the "court's task" in evaluating risk of injury); *id*. at 2558 ("the residual clause forces courts to interpret 'serious potential risk' in light of four enumerated crimes," which are "far from clear in respect to the degree of risk each poses" (internal citation omitted)); *id*. at 2559, 2561 (noting additional problems that list of enumerated crimes posed for residual clause inquiry).   Thus, the absence of a similar list of enumerated and confusing offenses in § 924(c)(3)(B) materially distinguishes § 924(c)(3)(B) from the ACCA's now-invalidated residual clause.   *See Taylor*, 814 F.3d at 377 (noting that § 924(c)(3)(B) "does not complicate the level of risk inquiry for that reason); *see also Johnson*, 135 S.Ct. at 2561 (assuring the government and dissent that striking down the ACCA's residual clause would not affect other, similar provisions because "[a]lmost none of the cited laws links a phrase such as 'substantial risk' to a confusing list of examples"). *See also, Vasquez*, 2016 WL 3748504, at * 4 ("§ 924(c)(3) does not contain a confusing list of enumerated crimes through which a court must analyze the term "substantial risk.").

*Second*, the conduct covered by the residual clause is materially narrower than the conduct covered by the ACCA.   Section 924(c)(3)(B) uses the term "substantial risk," which is narrower and more clearly defined than the conduct covered by the ACCA's use of "serious potential risk." *See United States v. Dervishaj*, 2016 WL 1019357, at *7 (E.D.N.Y. March 14, 2016).   In addition, under 18 U.S.C § 924(c), the focus of the conduct at issue is also much narrower than the ACCA.   The residual clause at issue in § 924(c)(1)(A) limits it focus to risks

that arise during the commission of the underlying crime of violence. *See Taylor*, 814 F.3d at *376-377. Section 924(c)(1)(A) thereby avoids another key issue with the ACCA's residual clause, which required courts to go "beyond evaluating the chances that the physical acts that make up the crime injure someone" and to instead evaluate the risk of injury even "after" completion of the offense." *Johnson*, 135 S.Ct. at 2557; *see id*. at 2559 (noting that "remote" physical injury could qualify under the ACCA, but that the clause does not indicate "how remote is too remote"); *cf. Taylo*r, 814 F.3d at 377 (noting that § 924(c)(3)(B) "permits no similar inquiry into conduct following the completion of the offense.").

*Third*, the residual clause of § 924(c)(3)(B) focuses on the risk of "physical force" rather than the risk of "physical injury" set forth in the ACCA. "This is significant because the qualitative risk of harm necessary to bring the alleged offense conduct within the orbit of the residual clause's proscription' is a narrower and clearer inquiry with respect to § 924(c)(3)(B)." *Vasquez,* 2016 WL 3748504, at *4; quoting *Dervishaj*, 2016 WL 1019357, at *6 (internal quotations omitted). The Supreme Court has noted that the universe of crimes involved in a substantial risk of injury is far broader than the crimes involving the substantial risk of physical force. *See id*., citing *Leocal v. Ashcroft*, 543 U.S. 1, 10 n. 7 (2004).

*Fourth*, context is important.[4] Unlike the ACCA, every § 924(c) conviction, by necessity, involves a finding beyond a reasonable doubt by the factfinder that the carrying, use, or possession of the firearm is linked to the underlying crime of violence (i.e. – the gun must be carried or used "in connection" with the underlying predicate crime or the gun must be possessed "in furtherance" of the underlying predicate crime). 18 U.S.C. § 924(c)(1)(A). This requisite

---

[4] "Ultimately, context determines meaning." *Dervishaj,* 2016 WL 1019357 at *4, quoting *Darnell Johnson*, 559 U.S. at 139-40, *Castleman*, 134 S.Ct. at 1410; A. Scalia & B. Gamer, READING LAW 32 (2012) ("Like ambiguity, vagueness can often be clarified by context.").

possession of a firearm in furtherance, or during and in relation to, the commission of the underlying offense, in itself, distinguishes the crimes of violence covered by § 924(c)(3)(B) from the now problematic ACCA's residual clause.

*And fifth*, the Supreme Court emphasized that the result in *Johnson* was reached only after the Court's "repeated" inability to develop a "principled and objective standard" for analyzing ACCA's residual clause.  135 S.Ct. at 2558; *see id*. at 2559 (noting that *Johnson* was the Court's fifth [case] about the meaning of the ACCA's residual clause").   "By contrast, the Supreme Court has not unsuccessfully attempted on multiple occasions to articulate the standard applicable to the § 924(c)(3)(B) analysis." *Taylor*, 814, F.3d at 378.   Indeed, the residual clause outlined in § 924(c)(1)(A) is easier to interpret not only for the reasons outlined above, but also because § 924(c) is linked to the commission of violent *federal* felonies, not fifty varying types of similar, but different, state statutes that also, because of the ACCA's focus in on historical convictions rather than the actual crime, are also subject to confusing and difficult to track revisions.  By contrast, the violent felonies at issue under § 924(c) involve contemporaneously committed violations of federal law.

In sum, because the language of § 924(c)(3)'s residual clause is different, the substantive scope of the conduct covered by the residual clause is different, and the context of how that definition is applied is different, the United States respectfully submits that *Johnson*'s holding does not apply to retroactive challenges to a § 924(c) conviction.  There is a strong presumption of validity that attaches to an Act of Congress and holding that one statute is unconstitutionally vague does not dictate that another statute with similar language must be found to be unconstitutional.  *See Dervisha*j, 2016 WL 1019357 at *4 (citations omitted).  Consistent with that presumption, and consistent with the language of the Supreme Court in *Johnson* itself, the

United States respectfully submits that this Court should find that *Johnson* does not apply to § 924(c)(3)(B).

Upon a finding that *Johnson* does not apply, Petitioner's motion is subject to dismissal as untimely because § 2255(f)(3) will not apply. *See* ISSUE 1 *supra*.   Petitioner's claim would also be subject to dismissal because it would be without substantive merit.

**ISSUE 3:**      **EVEN IF *JOHNSON* DOES APPLY, *WHICH IT DOES NOT*, THEN PETITIONER HAS PROCEDURALLY DEFAULTED HIS CLAIM**

Petitioner pleaded guilty to the 18 U.S.C. § 924(c)(1)(A) violation set forth in Count 6. During his change of plea, Petitioner did <u>not</u> raise a claim challenging the constitutionality of the residual clause set forth in § 924(c)(3)(B), or alleging that any of the predicate offenses identified in Count 6 were not valid predicate "crimes of violence" or "serious drug offenses."   Petitioner did not raise these issues on direct appeal.   Accordingly, Petitioner's claim is subject to the procedural bar and must be dismissed.  *See United States v. Frady*, 456 U.S. 152, 165 (1982) ("[W]e have long and consistently affirmed that a collateral challenge may not do service for an appeal") (string citation omitted).

Petitioner cannot overcome the procedural bar because Petitioner is unable to establish either of the two well-established exceptions to the procedural default rule.  *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004).  Specifically, to overcome the procedural bar, Petitioner must show "cause" and "actual prejudice" for  failure to raise the claim earlier.  *United States v. Frady*, 456 U.S. 152, 170 (1982); *Massaro v. United States*, 538 U.S. 500, 504 (2003) ("Claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice."); *Reece v. United States*, 119 F.3d 1462, 1467 n.9 (11th Cir. 1997) (noting that double procedural default occurs when defendant neither objects in the trial court nor on direct appeal).   If Petitioner cannot show "cause" and "actual prejudice," Petitioner is

procedurally barred from proceeding with this habeas claim unless Petitioner demonstrates that he is "actually innocent." *Bousley v. United States*, 523 U.S. 614, 620-23 (1998).

Here, Petitioner cannot satisfy either exception.

a.     *Petitioner Cannot Establish "Cause" or "Actual Prejudice"*

Petitioner has not, and cannot, demonstrate any "cause" for failing to assert this claim earlier. Petitioner has stated that this *Johnson*-based claim was not available until *Johnson* was law, but that case deals with a different statute, the ACCA. Further, even if a *Johnson*-based claim was likely to have been rejected, the perceived futility of raising an objection does not constitute "cause" excusing a default. *See Bousley*, 523 U.S. at 623.

Nor can Petitioner argue that a *Johnson*-type challenge to a § 924(c) conviction was too "novel" to be asserted prior to the Supreme Court's decision in *Johnson*. Although the novelty of a claim can in some circumstances constitute "cause" to excuse a procedural default, s*ee Reed v. Ros*s, 468 U.S. 1, 16 (1984), the tools necessary to construct the vagueness argument that ultimately carried the day in *Johnson* existed long before the decision in *Johnson* was issued. *See Howard v. United States,* 374 F.3d 1068, 1073 (11th Cir. 2004) (where the "legal basis" for a claim existed, the claim was "not sufficiently unheard of to be novel for cause purposes"). The Supreme Court has wrestled with the scope of ACCA's residual clause for years.

Nor can Petitioner meet his burden of establishing "actual prejudice." Petitioner also cannot show actual prejudice because, as explained below, he is not actually innocent of the charged § 924(c) violation. Petitioner was not convicted of a non-existent crime because Count 6 was predicated upon a drug trafficking crime. Accordingly, Petitioner cannot establish "actual prejudice."

b.      *Petitioner cannot demonstrate "Actual Innocence."*

A defendant who cannot demonstrate both cause and prejudice may still obtain relief on collateral review if he can show that he is "actually innocent." *Bousley*, 523 U.S. at 623.  In the context of the procedural bar, to establish actual innocence, a defendant must show that it is more than likely than not that no reasonable juror would have convicted him.'" *Id*. (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

When a defendant has been convicted under a constitutionally invalid provision of a statute, the defendant is actually innocent of the offense because his conduct was not a crime. But Petitioner cannot satisfy the "actual innocence" exception to the procedural default rule because *Johnson* does not apply to § 924(c)(3)'s residual clause.  Alternatively, assuming *en arguendo* that *Johnson* does apply to § 924(c)(3)(B), Petitioner's § 924(c) conviction was predicated upon a drug trafficking crime and Petitioner cannot show he was actually innocent of this underlying crime, regardless of it being ultimately dismissed.  See *Mckay v. United States*, 657 F.3d 1190, 1197-98 (11th Cir. 2011) (Actual innocence is factual innocence, not mere legal insufficiency).   To the contrary, as discussed below, Petitioner admitted to this drug offense during his plea colloquy.

In short, Petitioner cannot meet <u>his</u> burden of establishing actual innocence.  To the contrary, that outcome is precluded by Petitioner's sworn admissions during his guilty plea.  The procedural bar applies and Petitioner's claim for relief must be denied.

**ISSUE 4:      PETITIONER'S § 924(c) CONVICTION IS PREDICATED UPON A QUALIFYING "DRUG TRAFFICKING CRIME," WHICH REMAINS UNAFFECTED BY THE SUPREME COURT'S DECISION IN *JOHNSON*.**

Petitioner's claim remains fatally flawed even if *Johnson* applies to 18 U.S.C. § 924(c) and that section's residual clause is no longer valid.  The reason such a result does not assist

Petitioner's cause is because the Supreme Court carefully noted that its opinion in *Johnson* was limited to that statute's residual clause. *Johnson* had no arguable impact on § 924(c)'s definition of a "drug trafficking crime," which provides an enumerated list of qualifying federal felony drug offenses. *See* 18 U.S.C. § 924(c)(2).

As set forth above, the United States' primary position is that the decision in *Johnson* does not apply to the residual clause set forth in 18 U.S.C. § 924(c)(3)(B). In an abundance of caution, however, the United States respectfully submits that the Court need not decide if *Johnson* applies because: (a) the § 924(c) conviction set forth in Count 6 is also based upon a predicate "drug trafficking crime" that remains untouched by *Johnson*. *See, e.g., In re: Darren Gordan*, 2016 WL 3648472 (July 8, 2016) (finding question of whether *Johnson* applies to §924(c) moot where underlying conviction would still qualify as crime of violence under untouched elements clause).

As described above, Title 18, United States Code, Section 924(c)(1)(A) makes it an offense to possess a firearm in furtherance of a crime of violence <u>or</u> a drug trafficking crime. Count 6 of the Third Superseding Indictment charged Petitioner with possessing a firearm "in furtherance of a crime of violence *and drug trafficking crime*, . . . specifically, violation of Title 18, United States Code, Section 1951(a), as set forth in Count 1 and Count 2 of this Indictment; and violation of Title 18, United States Code, Section 1951(a), as set forth in Count 3 and Count 4 of this Indictment; *and in violation of Title 21, United States Code, Section 846, as set forth in Count 5 of this Indictment*, in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2." Cr. DE:142 at Count 6. (emphasis added). In this case, Petitioner's written plea agreement acknowledges that Petitioner was pleading guilty to both prongs of the statute: "Count 6 – Knowingly possessing a firearm in furtherance of a crime of violence *and drug*

*trafficking crime.*" Cr. DE:154 at ¶ 1c (emphasis added).  See also Plea Colloquy, Cr. DE:218 (Court: "You are going to be pleading guilty to . . . Count 6, which is knowingly possessing a firearm in furtherance of a crime of violence *and drug trafficking*.  Do you understand that those are the three counts you are entering a  plea to?"  Petitioner:   "Yes, Your honor.") (emphasis added).

"A guilty plea is an admission of all the elements of a formal criminal charge."  *Elewad v. United States*, 2011 WL 1375305, *19 (M.D. Ala 2014), citing *McCarthy v. United States,* 394 U.S. 459, 466 (1969).  See also, *United States v. Marshall*, 432 F.3d 1157, 1160 (2005) (same). The criminal charge to which Petitioner pleaded guilty, Count 6, explicitly identified the drug trafficking count in Count 5 of the Indictment as a predicate "drug trafficking offense."  Count 5 of the Third Superseding Indictment charged the defendant with violation of 21 U.S.C. § 846, which is one of the predicate drug offenses listed under § 924(c)(2) – a section upon which Johnson has no arguable impact. *See United States v. Parntell,* 2016 WL 3230697, at *4 (3rd Cir. June 13, 2016) (unpublished)  *("Johnson* does not call into question the statute's unambiguous definition of "'drug trafficking crime'.") Accordingly, Petitioner's conviction remains valid post-*Johnson*.

Petitioner appears to rely upon the fact that he also pleaded guilty to Count 1 (Conspiracy to commit a Hobbs Act robbery) and Count 3 (Conspiracy to violate the murder for hire statute) and that this somehow narrows the charge set forth in Count 6.  Petitioner is mistaken.  In *United States v. Frye*, 402 F.3d 1123 (11th Cir. 2005), the Eleventh Circuit decided, consistent with seven other circuits,[5] that § 924(c), "[b]y its plain language . . .  does not require that a defendant

---

[5] *See id*. at 1127-28,citing *United States v. Carter*, 300 F.3d 415, 425 (4th Cir. 2002); *United States v. Lake*, 150 F.3d 269, 274-75 (3rd Cir. 1998); *United States v. Nelson*, 27 F.3d 199, 200 (6th Cir. 1994); *Myers v. United States*, 993 F.2d 171, 172 (8th Cir. 1993); *United States v. Hill*,

be convicted of, or even charged with, the predicate offense to be found guilty of using or carrying a firearm in relation to the predicate offense." *United States v. Frye*, 402 F.3d 1123, 1127 (11th Cir. 2005). "Section 924(c) requires only that the drug trafficking crime be one that 'may be prosecuted.'" *Id.* *See also, United States v. Smith*, 182 F.3d 452, 457-58 (6th Cir. 1999) (upholding § 924(c) conviction where jury acquitted defendant of the underlying robbery convictions). Accordingly, the case law is very clear that a defendant does not have to plead guilty to the predicate "crime of violence" or predicate "drug trafficking offense" for a § 924(c) violation to remain valid.

In addition to admitting to violation of Count 6 by pleading guilty, the factual proffer during the change of plea also provided a sufficient basis to conclude that there was legally sufficient proof to find that the defendant was guilty of the predicate "drug trafficking crime" (Count 5). *See, e.g.*, Cr. DE:155 at ¶ 7.[6] Accordingly, Petitioner motion is without legal merit – his § 924(c) conviction remains valid regardless of the impact of Johnson on § 924(c). Further, this result also defeats any attempt by Petitioner to avoid application of the procedural bar.

---

971 F.2d 1461, 1467 (10th Cir. 1992); *United States v. Munoz-Fabela*, 896 F.2d 908, 910-11 (5th Cir. 1990); *United States v. Hunter*, 887 F.2d 1001, 1003 (9th Cir. 1989).

[6] Paragraph 7 reads: "In sum, the three defendants planned to ambush Casey on the morning of July 21, 2011. Pereira and Perez would meet Casey at his Coral Gables home and pretend that they were paying a $25,000 drug debt. When Casey was distracted by counting the money, Perez would keep the victim's attention while Pereira left the residence to get the CS, who would be waiting in a car outside. Then Pereira would hold Casey at gunpoint, while the CS strangled the victim with a rope. Pereira and Perez decided to strangle Casey to minimize noise and blood during the crime. After Casey was dead, Pereira and the CS would be responsible for transporting the body from the residence and burying it. The defendant's role was to act as a lookout, to clean up any blood that was spilled during the murder, **and to help Perez collect the pounds of marijuana and money that they expected to find inside the house**. Perlmutter and Perez would also go to Casey's stash house on Brickell Key and take any money or marijuana that they found inside that location. The CS would be paid from the proceeds and the defendants would split the rest of the take between themselves. **The marijuana taken from Casey would be provided to other persons or sold for a profit.**" Cr. DE:155 (Emphasis added).

Petitioner cannot prove "prejudice" or "actual innocence" because Petitioner is factually guilty of the § 924(c) offense under a still-valid statutory provision of law.  Accordingly, the procedural bar holds and his claim must be dismissed.  Alternatively, the claim can also be dismissed because it has no substantive merit.

**ISSUE 5:      IN THE ALTERNATIVE, PETITIONER'S CONVICTIONS ARE PREDICATED UPON CRIMES OF VIOLENCE THAT FIT WITHIN § 924(c)(3)'s ELEMENTS CLAUSE.**

Where a challenged crime of violence clearly fits within the elements clause, a reviewing court need not decide whether *Johnson* does indeed apply to § 924(c)'s residual clause.   See, e.g., *United States v. Brownlow*, 2015 WL 6452620, at *5 (N.D. Ala. Oct. 26, 2015). In this case, the challenged § 924(c) count in the Third Superseding Indictment identified four predicate crimes of violence:  Count 1 and 2 - a conspiracy to commit, and an attempt to commit, a Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a); and Count 3 and 4 – a conspiracy to commit and the commission of use of an interstate facility with intent that the murder of an individual be committed, in violation of 18 U.S.C. § 1958(a).  *See* DE:142 at Counts 1-4, Count 6.  As described below, each of these offenses qualify as a crime of violence pursuant to the unchallenged elements clause of 18 U.S.C. § 924(c)(3)(A).

**Count 2** alleges Petitioner attempted to commit a Hobbs Act robbery. The Eleventh Circuit has held that a Hobbs Act robbery qualifies as a crime of violence under, § 924(c)(3)(A), post-*Johnson*. *See In re Fleur*, 2016 WL 3190539 at *3) (11th Cir. June 8, 2016);  I*n re: Colon*, Nos. 16-13021-J, 16-13264-J, slip. op. at *3 (11th Cir. June 24, 2016);  *In re: Anderson*, No. 16-13267-J Slip copy at *4-6 (11th Cir. Jun 28, 2016).  As indicated by his factual proffer, Petitioner was arrested *en route* to take "the property against the victim's will, by means of actual or threatened force or violence or fear of injury, whether immediately or in the future."  Cr: DE:155 at ¶ 8 (describing Petitioner travelling toward victim's home with loaded firearm, plastic body

bags, and flash money).   Petitioner was arrested before he could complete the intended robbery and murder.  *See id*.

Section 924(c)(3)(A) explicitly includes attempts within its definition.  Accordingly, the United States respectfully submits  that attempted Hobbs Act robbery qualifies as a predicate crime of violence pursuant to the unchallenged elements clause of § 924(c)(3)(A).  *See* § 924(c)(3)(A) (referring to "the use, **attempted use**, or threatened use of physical force" ) (emphasis added).  *Cf. U.S. v. Jenckins*, 2016 WL 3101281, at *3-4 (11th Cir. June 3, 2016) (unpublished) (finding attempted bank robbery, in violation of 18 U.S.C. § 2113(a) to be a crime of violence under U.S.S.G. §4B1.1's elements clause).

Petitioner does not allege that attempted Hobbs Act robbery is not a crime of violence and has waived this issue.  *See, e.g., United States v. Muratovic*, 719 F.3d 809 (7th Cir. 2013) (implicitly finding defendant waived argument that attempted Hobbs Act robbery was not a crime of violence by failing to raise it).   Thus in the alternative, this Court should find that attempted Hobbs Act robbery set forth in Count 2 remains a qualifying crime of violence for the purpose of sustaining the § 924(c) conviction in Count 6, even if *Johnson* applies to § 924(c).

Count 4 alleges that Petitioner did use [a cellular telephone] with intent that the murder of an individual be committed in violation of the laws of the State of Florida as consideration for the receipt of, and consideration for a promise and agreement to pay, anything of pecuniary value, in violation of 18 U.S.C. § 1958(a).   Since the United States is required that the defendant "intended" to commit premeditated murder, and since the Supreme Court in *United States v. Castleman*, 134 S.Ct. 1405, 1415 (2014), has pointed out that it is impossible to cause bodily injury without applying force in the common law sense, the United States respectfully submits that common sense stands for the proposition that this statute fits comfortably within §

924(c)(3)'s elements' clause. *See United States v. Evans*, 699 F.3d 855, 863 (6th Cir. 2012) ("One can knowingly cause or attempt to cause physical harm – i.e., physical injury – to another only by knowingly using or attempting to use physical force – i.e., force capable of causing physical injury."). To undersigned counsel's knowledge, the only court to address this issue post-*Johnson* has held that § 1958(a) qualifies as a crime of violence pursuant to § 924(c)'s elements clause without discussion. *See United States v. Pena*, 2016 WL 3659114, *9 (S.D.N.Y. June 27, 2016) (finding murder for hire statute, § 1958, falls squarely within meaning of crime of violence by virtue of the elements of the offense).[7]

Because the substantive offenses were linked to the § 924(c) offense, the United State respectfully submits that this Court does not have to address the closer question of whether a conspiracy to commit these offenses fit within § 924(c)(3)(A). If this Court wants to address the issue, however, the United States respectfully refers the Court to *United States v. Preston*, 910 F.2d 81 (1990). In that case, applying the categorical approach, the Third Circuit determined that for a criminal conspiracy conviction in Pennsylvania, the prosecution must show that a specific crime was the object of the conspiracy. *Id*. at 86. Because that was the case, the Court further found that the crime that was the object of the conspiracy had to be defined for the jury. *See id*. "Thus, the elements of criminal conspiracy to commit robbery, of which Preston was convicted, subsume the elements of robbery, which is a violent felony for purposes of § 924(e). *Id.*[8]

---

[7] The Eleventh Circuit presently has a case pending before it deciding whether first degree armed murder is a crime of violence under the ACCA's elements clause. *U.S. v. Senecharles*, 11th Cir. Case No. 15-13428-CC.

[8] The United States candidly submits that at least two other circuit courts have rejected *Preston*'s methodology. *See United States v. King*, 979 F.2d 801, 802-04 (10th Cir. 1992); *United States v. Gore,* 636 F.3d 725 (5th Cir. 2011). To the undersigned attorney's knowledge, the Eleventh Circuit has never dealt with *Preston* in the context of a 924(c) case, but has declined to find that

Applying that rationale here, this Court should find that the elements of a Hobbs Act robbery, which the Eleventh Circuit has ruled is a qualifying crime of violence post-*Johnson*, are subsumed into the charged criminal conspiracy to commit a Hobbs Act robbery (Count 1). Accordingly, Count 1 remains a crime of violence under the categorical approach even if *Johnson* has invalidated § 924(c)'s residual clause.  Similarly, the conspiracy to violate the murder for hire statute (Count 3), also qualifies as a crime of violence.

Accordingly, Petitioner cannot demonstrate that he is actually innocent of Count 6, because he has waived any argument that two of the companion crimes of violence are no longer qualifying crimes of violence post-*Johnson*.  In truth, Petitioner has not waived much because examination of the elements of these offenses demonstrates that they fit comfortably within § 924(c)(3)'s elements clause.  And in regard to the charged conspiracies, while admittedly a closer call, the United States also respectfully submits that *Preston* demonstrates a rationale for finding that these crimes too qualify under § 924(c)(1)(A).

**VIII.   CONCLUSION.**

Petitioner pleaded guilty to crimes related to the attempted murder and armed robbery of another young man.  Petitioner argues that his conviction for possessing a firearm in furtherance of those crimes is not valid because conspiring to murder and conspiring to commit an armed robbery are not crimes of violence.  Petitioner's motion must fail as a matter of law

---

a conspiracy to commit a violent state crime fits within the elements clause in the ACCA context.  *See United States v. Wilkerson,* 286 F.3d 1324, 1325 (11th Cir. 2002) (recognizing split between 3rd and 10th circuit during course of evaluating claim under now defunct ACCA residual clause).

because his § 924(c) conviction is <u>also</u> predicated upon a drug trafficking crime, which is inarguably untouched by the Supreme Court's decision in *Johnson*.

Respectfully submitted,

WIFREDO  A. FERRER
UNITED STATES ATTORNEY

By:   s/*Anthony W. Lacosta*
      Anthony W. Lacosta
      Assistant United States Attorney
      Court. No.  A5500698
      500 S. Australian Avenue (4th Floor)
      West Palm Beach, Florida 33132
      Ph:  (561) 209-1015
      email: anthony.lacosta@usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 17, 2016, the foregoing was electronically filed with the Clerk of the Court using CM/ECF.

By:   s/ *Anthony W. Lacosta*
      Anthony W. Lacosta

24